By the Court.
In an action for rent claimed to be due for a period of four months, under the terms of a lease, the lease having been executed November 7, 1913, for a period of ten years, and the premises being used for a moving picture theater, the lessees and several subsequent assignees of the lease were all made parties defendant. The defendants, relying upon the terms of their lease, in their defense against.the claim of the plaintiffs made the issue that the assignees of the lessees last in possession were not permitted to longer use and occupy said room without molestation, the premises having been rendered untenantable by reason of the frequent and long continued overflow of a toilet maintained by the lessors in a room immediately over the leased premises, causing those premises to become foul smelling and unsanitary, and also unsafe, because of the plastering becoming loose, a portion thereof having fallen from the ceiling, thus rendering the premises untenantable for the purpose for which they were *486 leased, and in fact working an eviction of the occupants from said premises; and that such condition was not caused or contributed to by the lessees or assignees and was unavoidable by them, but was caused by the negligence of the lessors and their failure to perform their duty under the terms of the lease and to carry out their promises to remedy such conditions.
Incidental questions arose in the case, but this primary issue, together with the questions whether the lessees fully vacated the premises by removing all their property therefrom within a reasonable time after they had ceased to use the premises for the purpose for which the same were leased, and whether that was delayed by reason of pending discussion and the possible fulfillment of promises claimed to have been made by the lessors to make repairs necessary to render the premises tenantable, were all properly submitted to the jury by the trial court with appropriate instructions, and there was no error by the court of appeals in affirming the judgment.

Judgment affirmed.

Marshall, C. J., Johnson, Hougi-i, Wanamakee, Jones and Matthias, JJ., concur.